# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No.: TBD |
| Plaintiff, | JURY TRIAL DEMAND |
| v. | COMPLAINT |
| COTTLE STRAWBERRY NURSERY, INC., | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Helen Perez, who was adversely affected by such practices. As alleged with greater particularity in the paragraphs below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Cottle Strawberry Nursery, Inc. ("Defendant"), failed to accommodate Perez's religious beliefs, and terminated Perez because of her religion, Seventh Day Adventist, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation registered to conduct business in the state of North Carolina, and has continuously been doing business in the state of North Carolina and the city of Faison. At all relevant times, Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Helen Perez filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On September 18, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On February 11, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. As more fully described below, on or about May 11, 2018, Defendant engaged in unlawful employment practices at its facility in Faison, North Carolina, in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-2, when it refused to accommodate the sincerely held religious beliefs of Perez and discharged her because of her religion, Seventh Day Adventist.

12. Perez has been a Seventh Day Adventist since her childhood. As a Seventh Day Adventist, Perez holds the sincere religious belief that she must not engage in labor during the biblical Sabbath. According to Perez's faith, the Sabbath begins at sunset on Friday and ends at sunset on Saturday.

13. Between approximately 2016 and 2018, Perez was employed as a seasonal worker at Defendant's Faison, North Carolina facility where Defendant packs and ships produce for distribution.

14. During 2016 and 2017, Perez worked as a packer in a warehouse area of Defendant's facility. Perez's duties as a packer included packing produce into boxes in preparation for shipping.

15. Beginning in or around April 2018, Perez worked as a boxer in an area of Defendant's facility called the box room or box house. Perez's duties as a boxer included preparing boxes for use by the packers in the warehouse.

16. Prior to May 2018, Defendant was on notice that Perez could not work on Saturdays because of her religion.

17. Prior to May 2018, Perez had informed Defendant that she observed the Sabbath on Saturdays and therefore, could not work on Saturdays.

18. Prior to May 2018, Defendant had not required Perez to work on a Saturday.

19. Prior to May 2018, Defendant had not required Perez to work on a Saturday because of Perez's religious beliefs.

20. On or about May 9, 2018, Defendant's Plant Sales Administrative Assistant informed employees that Defendant had a requirement that employees work seven days a week.

21. On or about May 9, 2018, Perez told the Plant Sales Administrative Assistant that Perez could not work on Saturday because of her religion.

22. On or about May 9, 2018, the Plant Sales Administrative Assistant told Perez to provide Defendant with a letter from Perez's church.

23. On or about May 11, 2018, Perez gave the Box House Supervisor a letter from her church leader in support of her request not to work on Saturdays.

24. On or about May 11, 2018, the Plant Sales Administrative Assistant and the Warehouse Manager met with Perez to discuss her request for Saturdays off.

25. The Plant Sales Administrative Assistant told Perez that Perez's request for Saturdays off was denied.

26. The Plant Sales Administrative Assistant told Perez that Perez could not work for Defendant unless she could work seven days a week.

27. The Plant Sales Administrative Assistant told Perez more than once on or about May 11, 2018, that Perez could not work for Defendant unless she could work a seven-day week.

28. Defendant failed to accommodate Perez's religious beliefs and practice by refusing to allow her to be off on her Sabbath.

4
Case 7:19-cv-00064-BO   Document 1   Filed 03/28/19   Page 4 of 7

29. Defendant discharged Perez because of her religion, Seventh Day Adventist, in violation of Title VII.

30. The effect of the practices complained of has been to deprive Perez of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

31. The unlawful employment practices complained of above were intentional.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Perez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religion.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to provide current and future employees reasonable accommodation for their religious beliefs absent undue hardship.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination and providing for religious accommodations, all of which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Perez whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

E. Order Defendant to make Perez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Perez whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

G. Order Defendant to pay Perez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 28th day of March, 2019,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, NE
        Washington, D.C. 20507

*s/Lynette A. Barnes*
LYNETTE A. BARNES
N.C. Bar No. 19732
Regional Attorney

YLDA MARISOL KOPKA
Illinois Bar No. 6286627
Supervisory Trial Attorney
Equal Employment Opportunity Commission
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6470
Email: ylda.kopka@eeoc.gov

*s/ Zoë G. Mahood*
ZOË G. MAHOOD
NC Bar No. 21722
Senior Trial Attorney
Equal Employment Opportunity Commission
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Phone:  (919) 856-4080
Fax:     (919) 856-4156
zoe.mahood@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**