**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: 7:19-CV-00064-BO**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COTTLE STRAWBERRY NURSERY, INC., )<br>)<br>Defendant. ) | **CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that the Defendant Cottle Strawberry Nursery, Inc. ("Defendant") discriminated against Helen Perez in violation of Title VII when it failed to accommodate her sincerely held religious beliefs and discharged her because of her religion, Seventh-day Adventist.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII, including by failing to provide a reasonable accommodation for an individual's sincerely held religious beliefs.

2. Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under Title VII.

3. Defendant shall pay Helen Perez the total sum of Twelve Thousand Five Hundred Dollars ($12,500.00) in settlement of the claims raised in this action. Such payment shall be made and documented as follows:

> A. A check in the amount of two thousand five hundred dollars ($2,500.00), less applicable tax withholdings, payable to Helen Perez for claims related to lost wages (reported on an IRS Form W-2); and
>
> B. A check in the amount of ten thousand dollars ($10,000.00) payable to Helen Perez for claims related to her compensatory damages (reported on an IRS Form 1099).

Defendant shall make payment by issuing two checks payable to Helen Perez. Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Helen Perez at an address provided by the Commission. Within ten (10) days after payment has been sent, Defendant shall send to the Commission a copy of the checks and proof of their delivery to Helen Perez. Neither the Commission nor Defendant make any

representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Helen Perez may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Helen Perez any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2018-02289 and the related events that occurred thereafter. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall confirm that its personnel records reflect that Helen Perez is eligible for rehire. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Helen Perez with a positive letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Helen Perez at an address provided by the Commission. Helen Perez is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Helen Perez from a potential employer, it will provide only the information set forth in the letter of reference in response

6. Defendant shall provide a notice of this settlement and copy of this Consent Decree to any potential successor owners/operators of Cottle Strawberry Nursery, Inc.

7. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination and religious accommodation policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide accommodation for

sincerely held religious beliefs; procedures for employees to request religious accommodation; procedures for considering employees' request for religious accommodation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. The policy shall be drafted and made available in both English and Spanish in all places where it is made available to employees.

Defendant shall distribute to each current full-time employee a copy of the policy within the aforementioned 30-day time period. Within forty (40) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

8. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in all of its facilities in a place where it is visible to employees. The policy will be posted in English and Spanish. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within forty (40) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

9. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII, and its requirement regarding prohibition against religious discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within sixty (60) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-

year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty (40) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all applicants and employees who have requested accommodation based on religion at any Defendant facilities, including by way of identification each person's name, address, telephone number, and position;

    B. for each individual identified in response to 11.A. above, identify the specific accommodation requested, the date of the requested accommodation, Defendant's response to the request and if Defendant denied the request, include all reasons for the denial;

    C. for each individual identified in response to 11.A. above, explain whether the individual's employment status has changed in any respect (for

5
Case 7:19-cv-00064-BO   Document 19-1   Filed 02/06/20   Page 5 of 10

example, including but not limited to, termination, firing, demotion, promotion, to part-time from full-time, or failure to hire if an applicant) after the individual's request for religious accommodation; and

D. for each individual whose employment status has changed as identified in response to 11.C. above, provide a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 11.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Decree. As part of a review for compliance with the policy posting and notice posting provisions in paragraphs 8 and 10, the Commission may inspect Defendant's facilities without notice. In reviewing compliance with any other provision of this Decree, the Commission may interview employees, and examine and copy documents at Defendant's facilities with twenty-four (24) hours notice.

13. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Decree shall be for two (2) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent to Teresa Cottle by electronic mail to: teresa@cottlefarms.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall

notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____  _____
Date                             Judge, U.S. District Court
                                 Eastern District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISION, Plaintiff** | **COTTLE STRAWBERRY NURSERY, INC., Defendant** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISION,**
**Plaintiff**

SHARON FAUST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (980) 296-1266
Email: lynette.barnes@eeoc.gov
N.C. Bar No. 19732

/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601-1701
Telephone: (919) 856-4080
Fax: (919) 856-4151
Email: zoe.mahood@eeoc.gov
N.C. State Bar No. 21722

*Attorneys for Plaintiff*

**COTTLE STRAWBERRY NURSERY, INC., Defendant**

/s/ Robert O. Crawford, III
ROBERT O. CRAWFORD, III
LAW OFFICES OF ROBERT O. CRAWFORD, III, PLLC
4242 Six Forks Road, Suite 1550
Raleigh, NC 27609
Telephone: (984) 220-8280
Fax: (800) 878-8638
Email: bob@crawfordlaw.biz
N.C. Bar No. 12373

*Attorney for Defendant*

# EXHIBIT A

[Defendant's letterhead]

[Date]

To Whom It May Concern:

Please consider this correspondence as a letter of reference on behalf of our former employee, Helen Perez.

Ms. Perez was employed as a seasonal employee by Cottle Strawberry Nursery, Inc. in 2017 and 2018. Her hourly rate was $ 8.25 per hour. During her employment, Ms. Perez was a conscientious and diligent employee.

We hope that this information about Ms. Perez is helpful to you in considering her for employment.

Sincerely,


[signature of company official]

# EXHIBIT B

# EMPLOYEE NOTICE

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Cottle Strawberry Nursery, Inc. in a case of discrimination based on religion.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), disability, or genetic information. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Cottle Strawberry Nursery, Inc. will comply with such federal law in all respects. Furthermore, Cottle Strawberry Nursery, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Washington, D.C. 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2022.